*Tillson v. Lane*, No. 592-10-11 Wrcv (Teachout, J., September 8, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 592-10-11 Wrcv** |

DOW TILLSON, et ux.,
    **Plaintiffs**

    **v.**

RICHARD A. LANE, M.D. et al.,
    **Defendants**

### Defendants' Motion for Summary Judgment, filed April 8, 2014 (MPR #6)
Plaintiffs' Response filed June 6, 2014
Defendants' Reply filed June 26, 2014

Defendants seek summary judgment in this medical malpractice action on the grounds that Plaintiffs do not have expert testimony on an essential element of the claim. Specifically Defendants claim that Plaintiffs' expert's testimony does not show that the claimed deviation from the standard of care caused injury that otherwise would not have occurred.

Plaintiffs' expert, Dr. Jonathan Javitt, M.D., testified at deposition that failure on the part of Defendant Dr. Lane to consult with a retinal specialist on October 24, 2008 in connection with the care of Plaintiff Dow Tillson was inconsistent with the standard of care. He further testified that he did not know what a retinologist would have said, although he suspected that a retinologist would have recommended a vitrectomy. The parties dispute whether, based on Dr. Javitt's use of the word "suspect," his testimony means that a retinologist would have rcommended a vitrectomy.

The real issue, however, is whether the deviation from the standard of care—the failure to consult a retinal specialist--caused injury to Mr. Tillson. Dr. Javitt's testimony was that if a retinologist had been consulted, Mr. Tillson would have had a 'real chance' as opposed to no chance of saving his eyesight, or would have had a 'better result.' Dr. Javitt cannot, however, say what the outcome would have been.

Defendants argue that this is insufficient to meet Plaintiffs' obligation to present expert testimony on the element of causation of injury. Plaintiffs argue that Dr. Javitt's testimony that Mr. Tillson's vision would have been "better than he ended up with" is sufficient.

When Dr. Javitts was asked, "What were the chances [if timely consultation with a retinologist had occurred]? What are the percentages of Mr. Tillson's having had a better result than he ended up with having, blindness?" He responded, "I think more likely than not he would have wound up with a better result." When asked to quantify 'better result,' he answered that "No, nobody can say what his vision would have been," although he opined that there would have been a better result if a timely intervention with a retinologist had occurred.

Based on the case of *Smith v. Parrot,* 2003 VT 64, the Court would be unable to submit the case to the jury because the testimony is "loss of chance" evidence that does not meet the statutory requirement that the Plaintiff offer expert testimony that as a proximate result of the failure to meet the standard of care "the plaintiff suffered injuries that would not otherwise have been incurred." 12 V.S.A. § 1908 (3). To say that a patient would have had a "better chance" of a "better result," without being able to give more specific information about the effect of the negligence, falls short of giving an expert opinion that substandard conduct on the part of a medical professional *caused* an injury.

Accordingly, Defendants' Motion for Summary Judgment is *granted.* Defendants' counsel shall submit a form of judgment.

Dated this 4th day of September, 2014.

                                        _____
                                         Hon. Mary Miles Teachout
                                         Superior Judge